# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARCO GUERRA,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>HOTSPUR RESORTS NEVADA, LTD.,<br><br>　　　　Defendant(s). | Case No. 2:24-cv-00747-RFB-NJK<br><br>**Order**<br><br>[Docket No. 16] |

Pending before the Court is a stipulation to extend case management deadlines by 90 days. Docket No. 16.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

The instant stipulation indicates that a lengthy three-month extension is warranted because Defendant has vacated Plaintiff's upcoming deposition set for October 22, 2024, and Plaintiff will be traveling for work for six or so weeks. Docket No. 16 at 2. The stipulation fails to adequately explain why a lengthy three-month extension should be provided.[1] At its most basic level, the

---

[1] The stipulation provides no explanation of any kind why relief is warranted from the initial expert disclosure deadline, which is currently set to expire before the subject deposition at any rate.

stipulation fails to explain why the deposition as currently scheduled is being vacated. The Court has also been given no explanation as to why Plaintiff's work travel should trump his obligation to appear for deposition or why Plaintiff's deposition cannot be conducted remotely while he is traveling. Hence, a sufficient showing has not been made for any extension, let alone an extension of 50% of an entire presumptively reasonable discovery period. *See* Local Rule 26-1(b)(1).

Accordingly, the stipulation is DENIED without prejudice.

IT IS SO ORDERED.

Dated: October 17, 2024

_____
Nancy J. Koppe
United States Magistrate Judge